Opinion issued March 29, 2007









 

 

Issued June 7, 2007

 

 

 

 













 

     

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00712-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ANDREW L. LEBLANC, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 

 



On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1076529

 

MEMORANDUM OPINION

 

A jury found appellant, Andrew Luther
LeBlanc, guilty of the offense of driving while intoxicated (DWI).  LeBlanc had
two prior DWI convictions, which make this conviction a third-degree felony.  See
Tex. Pen. Code Ann. § 49.09(b)(2)
(Vernon Supp. 2006).  At LeBlanc’s election, the jury also decided his
punishment, which it assessed at ten years’ confinement, the maximum prison sentence
available under the statute.  See Tex.
Pen. Code Ann. § 12.34 (Vernon 2003).  LeBlanc’s
counsel on appeal has submitted a brief stating her professional opinion that
the appeal is without merit and that there are no arguable grounds for reversal
on appeal.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  LeBlanc responded pro se.[1]  In two
issues, LeBlanc contends (1) his trial and appellate counsel were both
ineffective, and (2) the sentence imposed is illegal.  We have reviewed the
record and, having found no reversible error, we affirm LeBlanc’s conviction.  

Background

In October 2005, an auto accident involving
LeBlanc and two other motorists occurred at the intersection of Highway 3 and Bay Area Boulevard in Harris County.  LeBlanc’s car had been traveling westbound on Bay Area Boulevar d and ran through the red light.  The two other vehicles were proceeding
through the green light traveling southbound on Highway 3.  LeBlanc’s car
struck both vehicles.  Everyone managed to escape injury.     

A motorist who had just
passed by the accident scene waved down Harris County Deputy Constable C.
Mezzino and informed him of the accident.  Officer Mezzino, who was only a
short distance away, arrived quickly at the scene.  By that time, one of the
drivers had moved his vehicle to a nearby parking lot, but the other two
vehicles were still in the intersection.  

Officer Mezzino first cleared
the intersection by directing the drivers of those vehicles to pull into the
parking lot.  Then he began interviewing the drivers.   He gathered most of the
information he needed from the southbound drivers, Leila Sim and Stephen Sivley. 
One identified LeBlanc as the driver headed westbound who ran the red light.  Officer
Mezzino also determined that a teenage boy named Kevin, whom he later learned was
LeBlanc’s grandson, had been in the car with LeBlanc at the time of the
accident.  

After gathering the
information he needed from Sim and Sivley, he walked over to question LeBlanc. 
Officer Mezzino smelled alcohol as he approached LeBlanc.  In addition, Officer
Mezzino noticed that LeBlanc’s eyes were bloodshot and glassy, his speech was a
bit slurred, and he had trouble balancing himself when Officer Mezzino asked
him to step away from the vehicle.   

Based on these
observations, Officer Mezzino suspected that LeBlanc’s condition warranted
further evaluation.  Consequently, Officer Mezzino contacted Officer J. Cooper
at the Webster Police Department and asked him to evaluate LeBlanc’s condition
in the Department’s DWI video room.  Then, Officer Mezzino took LeBlanc into
custody for suspicion of DWI.   Before taking LeBlanc to the Webster police
station, Officer Mezzino allowed him to speak with Kevin.  Officer Mezzino
overheard LeBlanc ask Kevin to say that he, not LeBlanc, had been driving when
the accident occurred so that LeBlanc would not have to go back to jail for a
long time.   

At the Webster Police
Department’s DWI video room, Officer Cooper performed the Horizontal Gaze
Nystagmus (HGN) test and three other field sobriety tests on LeBlanc.  LeBlanc’s
results on the HGN test were inconsistent with LeBlanc’s denial of drinking
alcohol.  LeBlanc also performed poorly on two out of the three field sobriety
tests administered by Officer Cooper.

Officers Mezzino and
Cooper testified to these facts at trial.  The State also introduced evidence
that LeBlanc had a court-ordered ignition interlock device installed on his
car.   This device required him to pass a breath test before he could start the
car and to continue to provide breath samples intermittently while the car was
in operation.  

At trial, LeBlanc
presented two main defensive theories.  First, he denied having been
intoxicated and attacked the accuracy of the State’s evidence that he had been
drinking.  Second, he claimed that his grandson Kevin, who did not have even a
learner’s permit, had been driving when the accident occurred.  LeBlanc
explained that he let his grandson drive because he had taken medication during
the night and was concerned that he could not pass the breath test required to
start the car.  LeBlanc stated that he switched places with Kevin immediately
after the accident, explaining that he initially took responsibility as the driver
so that Kevin would not have the accident on his driving record.  According to
LeBlanc, he later asked Kevin to take responsibility as the driver because he
realized that he could be charged with DWI and thus could be subject to a more
serious penalty than Kevin.  Kevin testified consistently with his
grandfather’s version of these events.  

Both of the other drivers
involved in the accident also testified.  Sivley stated that both LeBlanc, whom
he saw in the driver’s seat, and Kevin remained in his sight until Officer
Mezzino appeared and that he did not see them switch places in the car.  He
recounted that when he approached LeBlanc’s car, he could smell alcohol on
LeBlanc’s breath from approximately three feet away.  LeBlanc asked Sivley if
he was one of the drivers involved in the accident.  When Sivley responded that
he was, LeBlanc repeatedly apologized to him. 

Sim, too, testified that
she saw two males in LeBlanc’s car.  Although she admitted that she could not
tell which was younger and which was older, she did not observe any movement
that would have led her to suspect that LeBlanc and Kevin switched places.  Sim
also identified LeBlanc as the driver.  

During the punishment
phase of the trial, the jury considered evidence of LeBlanc’s two prior DWI
convictions and records of multiple positive alcohol findings by the ignition
interruption device, showing LeBlanc’s frequent violation of this term of his
probation.  The jury also considered evidence offered by the defense, including
testimony from LeBlanc’s mother and son that LeBlanc was a good person but that
he began to have an alcohol problem after his second wife died, as well as
evidence of LeBlanc’s poor health.  

Anders Procedure

 

The brief submitted by
LeBlanc’s court-appointed counsel states her professional opinion that there
are no arguable grounds for reversal on appeal and that any appeal would,
therefore, lack merit.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137,
138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to LeBlanc,
requested permission to withdraw from the case, and notified LeBlanc of his
right to review the record and file a pro se response.  

          When we receive
an Anders brief from a defendant’s court-appointed attorney who asserts
that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  We also consider any pro se response that the defendant files to
his appointed counsel’s Anders brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 

Thus, our role in this Anders
appeal, which consists of reviewing the entire record while remaining mindful
of the defendant’s pro se contentions, is limited to determining whether
arguable grounds for appeal exist.  See id. at 827.  If we determine
that arguable grounds for appeal exist, we abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  See
id.  Then, the trial court either appoints another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allows the defendant
to proceed pro se.  See id.  We do not rule on the ultimate merits of
the issues raised by LeBlanc in his pro se response.  If we determine that
arguable grounds for appeal do exist, LeBlanc is entitled to have new counsel
address the merits of the issues raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id.  

On the other hand, if our
independent review of the record leads us to conclude that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in
which we explain that we have reviewed the record and find no reversible
error.  See id. at 826–28.  LeBlanc may challenge the holding that there
are no arguable grounds for appeal by petitioning for discretionary review in
the Court of Criminal Appeals.  Id. at 827 & n.6.  

Following Anders
and Bledsoe, we have reviewed the record, LeBlanc’s appointed counsel’s Anders
brief, and LeBlanc’s pro se response to that brief and conclude that no
reversible error exists.  Consequently, we affirm the judgment of the trial court
and grant LeBlanc’s appointed counsel’s motion to withdraw.[2] 


Conclusion

 

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.  

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

Do
not publish.  Tex. R. App. P. 47.2(b).









[1]
LeBlanc has filed two documents, one of which is
entitled “Motion to Request Time Credit on Sentence.”  The Court considers both
filings collectively as his response.  





[2]
Appointed appellate counsel still has a duty to
inform LeBlanc of the result of this appeal and that he may, on his own, pursue
discretionary review in the Court of Criminal Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770,
771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).